UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAH,

              Plaintiff,

   v.

Sean F. McAvoy, et al.,

              Defendants.

NO. C19-218 TSZ-BAT

**REPORT AND RECOMMENDATION**

On February 8, 2019, plaintiff, a detainee at the Washington State Penitentiary filed a proposed 42 U.S.C. § 1983 complaint. Dkt. 1. Plaintiff did not file an application to proceed *in forma pauperis* or pay the filing fee. *Id.* The complaint seeks relief for actions that occurred between 1999 and 2014. Since 2000, plaintiff has filed 39 complaints in this Court, and has four strikes under 28 U.S.C. § 1915(g). The Court has reviewed the complaint and recommends it be DISMISSED with prejudice and be counted as a strike.

## BACKGROUND

A.    **The Current Complaint**

The current complaint is the latest of many complaints that plaintiff has filed alleging that defendants have violated his rights and that he should be immediately released from prison custody. In essence, plaintiff contends, and has long contended, he is Allah©, not Edwin R. Coston who was convicted and sentenced in both state and federal courts. Plaintiff further

contends the refusal to acknowledge he is Allah© amounts to unlawful imprisonment, identity theft, copyright infringement and theft of property. Because he is not Edwin R. Coston, plaintiff contends he must be immediately released from prison.

Continuing in this vein, the present complaint alleges "refusal to correct case title," abuse of discretion and process, false imprisonment, and defamation. Dkt. 1 at 1. The complaint first alleges on January 21, 2000, in King County case number 99-1-06987-7 SEA, the name of the defendant Edwin Randal Coston was "taken off the record and replaced with Divine Allah©." *Id*. at 3. The King County Superior Court Clerk of Court, Paul Sherfey, refused to make the name change and thus plaintiff claims "there's no judgment and sentence filed in the record for case No. 99-1-06987-7 SEA causing Allah© injury of Abuse of discretion, Abuse of Process, prejudice, False/illegal imprisonment, defamation of name, identity theft, theft of appeal bond, etc." *Id.*

Second, the complaint alleges that a Washington Court of Appeals Commissioner entered a fraudulent ruling for "Coston, Edward Randal" with a void judgment and sentence, and that on June 26, 2014, the federal district court illegally sealed case number 13-112-ALH. *Id.*

Third, the complaint alleges a King County Judge signed an appeal bond in case number 99-1-06987-7 SEA "for divine Allah©, that in 1995, a Court in Illinois issued an order granting a name change from Edwin R. Coston to "Divine Answer Born Supreme Allah©, and that the United States District Court for the Eastern District of Washington conducted a sentencing in 13-112-ALH, *United States v. Allah©*. *Id* at 4. The complaint alleges the clerk of court for the Eastern District of Washington engaged in "identity theft" by using "the bogus

REPORT AND RECOMMENDATION - 2

name Costin, Ewin, Randal," by sealing the sentencing transcript, and by refusing to correct these errors.

As relief, plaintiff requests the case title in the Eastern District of Washington be changed to *United States v. Allah©*, and that the case be dismissed as void. Plaintiff further requests this name change be transmitted to the Washington Department of Corrections and that Washington State be ordered to remove the name of Edwin R. Coston from all judgments, and that plaintiff be ordered immediately released from custody, and that all property be returned to plaintiff, including $400 for illegal court costs. *Id.* at 5-6.

## DISCUSSION

The complaint alleges violations of various Federal Constitutional rights, the Federal Rules of Criminal and Civil Procedure, various State statutory provisions and court rules, the UCC, 42 U.S.C §§ 1983, 1985, and 1986, and the Emancipation Proclamation. The Court is required to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," as soon as practicable and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a)(c). The Court must dismiss prisoner complaints which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir.2000).

As discussed below, the complaint suffers from numerous fatal defects which amendment cannot be remedy; the complaint should accordingly be dismissed with prejudice.

A.   **The Complaint is Duplicative**

The complaint should be dismissed because it raises claims plaintiff has presented before in complaints he filed earlier in this Court, and which the Court has dismissed. *See e.g.* 17-1746-RSM*, Allah v. Sherfey, and* 18-1713-MJP*, Allah v. Sherfy*. A complaint filed by a prisoner in a proceeding that merely repeats previously litigated claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988).

B.   **The Complaint is Untimely**

Plaintiff's § 1983 action is barred by the statute of limitations. Because § 1983 contains no statute of limitations, federal courts apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*. Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

The complaint also alleges violations under 42 U.S.C §§ 1985 and 1986. The three year limitations period also applies to these provision. *See Beauregard v. Lewis County*, 329 Fed.

Appx. 710, 711 (9th Cir. 2009) ("Nor did the district court err in granting summary judgment as to the Beauregards' statutory claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Each such claim either was time-barred or failed to show a genuine issue of material fact. Neither party disputes the applicability here of Washington's three-year statute of limitations for personal injury claims."). Here, all of plaintiff's allegations flow from events outside the three year statute of limitations. The complaint should accordingly be dismissed as time-barred.

**C.       Challenges to legality of Custody and *Heck* Bar**

Plaintiff contends his criminal convictions should be dismissed, he should be immediately released from custody and that the Court should order he be paid for money illegally taken from him. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983, and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997).

Hence when a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Here, plaintiff challenges his state and federal criminal convictions, ask they be vacated and that he be released immediately. The complaint accordingly should be dismissed as barred under *Heck.*

**D.    Three Strikes Rule**

Under § 1915(g), a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be barred from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court's records reflects that at least three of the cases plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim upon which relief may be granted.

In *Allah v. Haggerty*, plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a cognizable ground for relief, and the dismissal counted as a strike under 28 U.S.C. § 1915(g). *See* Dkt. 13 in Case No. 14-1551-JLR. In *Allah v. Robinson*, plaintiff's case was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because it was frivolous or malicious, failed to state a claim for relief, and named only defendants who were immune from suit. *See* Dkts. 21, 22 in Case No. 11-2097-RAJ. In *Allah v. Brunson*, plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915A(b). *See* Dkts. 17, 18 in Case No. 08-1352-JCC. Finally, in *Allah v. Rynn*, plaintiff's case was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), and the dismissal counted as a strike under 28 U.S.C. § 1915(g). *See* Dkts. 7, 8 in Case No. 01-1943-BJR.

Having liberally construed the facts presented, the Court finds plaintiff ineligible to file this lawsuit in federal court without paying $400 ($350 filing fee plus $50 administrative fee).

*See* 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status"). Accordingly, if the Court does not adopt the recommendation that the complaint be dismissed with prejudice as time-barred and as repetitive, or be dismissed without prejudice as *Heck* barred, the Court recommends that any IFP application plaintiff presents in this matter be denied, and that plaintiff be required to pay the filing fee. It is further recommended if the filing fee is not paid, the case be dismissed without prejudice.

## CONCLUSION

The complaint should be dismissed with prejudice on the grounds that it is untimely and duplicative. If this recommendation is not adopted, the complaint should be dismissed without prejudice under *Heck,* or for failure to pay the filing fee under § 1915(g) the three-strikes rule.

A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by **March 12, 2019.**  The Clerk should note the matter for **March 15, 2019**, as ready for the District Judge's consideration.  Objections are limited to 8 pages. The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the assigned district judge.

**DATED** this 19th day of February, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge